## RIGHT OF APPEAL IN ACTION NOT REQUIRING EQUITABLE RELIEF.

LANGE v. LANGE ET AL.

69 Ohio State—Decided, January 5, 1904.

*Action for Money—Not Requiring Decree for Equitable Relief—Appeal Can Not Be Taken, When—Section 5226, Revised Statutes—Appeal from Common Pleas to Circuit Court.*

In an action for money, not requiring a decree granting some mode of equitable relief, an appeal can not, under Section 5226, Revised Statutes, be taken from the court of common pleas to the circuit court, although the determination of the rights of the parties may involve the application of principles which are of equitable origin and nature.

Error to the Circuit Court of Montgomery County.

Mrs. Lange brought an action in the court of common pleas against the grand lodge for the sum of $2,000 alleged to be due her as the beneficiary named in its certificate upon the death of Frederick Lange, her deceased husband. The lodge, admitting its liability in the sum claimed, brought the money into

court, taking appropriate steps to have a judicial determination of the adverse claims to the fund which had been made by Mrs. Lange and the plaintiff in error, William F. Lange, each of whom was the holder of a certificate under which a claim to the fund had been made. The claim of Mrs. Lange was founded on a ·certificate dated December 23, 1893, that of William upon a certificate dated January 7, 1897, both, as is alleged, issued under the rules of the order. She alleged that the certificate under which she claimed naming her as beneficiary was, by her husband, delivered to her at its date, and that it was ever afterward in her possession; and that she, having no knowledge of any attempted substitution of another beneficiary, out· of her own funds paid the dues and assessments on account thereof from May, 1897, until the death of her husband, February 14, 1900. She further alleged that by the rules of the order the beneficiary could not be changed without the surrender of the previous certificate or the showing by affidavit that it was lost, or its production impossible; and that in fraud of her rights as beneficiary, William and other members of the family, when her husband was ill and mentally incapable of transacting business, induced her to absent herself from his room for a time, and that while she was absent they procured from him such affidavit, and the certificates under which he claimed was thereupon issued. In the court of common pleas, a jury being waived, the cause was tried upon the pleadings and the evidence, and a judgment was rendered in favor of Mrs. Lange. William thereupon took an appeal to the circuit court, which it dismissed upon the ground that the action was not appealable. The order of dismissal is assigned here as error.

*McKemy & Belville* and *Young & Young*, for plaintiff in error.

*Rowe & Shuey* and *John Schuster*, for defendants in error.

SHAUCK, J.; BURKET, C. J., SPEAR, DAVIS, PRICE and CREW, JJ., concur.

The appeal was taken under the supposed favor of Section 5226, Revised Statutes, which defines generally the actions which may be appealed from the court of common pleas to the circuit court for a trial *de novo*. The section requires that a

cause to be so appealable must present three traits: it must be a civil action, it must be within the original jurisdiction of the court of common pleas, and the right to demand a jury upon the trial of the issues of fact in that court must not exist. Whether the third of these traits appears in the present case is the question with respect to which counsel differ. The determination of that question is not aided by the consideration that interpleader is equitable in its origin and nature. However uniformly it may appear that appealable actions are equitable, the Legislature has not used appropriate terms to make all equitable actions appealable. While the constitutional requirement that the right of trial by jury shall remain inviolate has been effective to continue that right in all cases which were triable to a jury at the time of the adoption of the Constitution, it has not prevented, nor was it intended to prevent the extension of the right of trial by jury to cases which were not so triable at the time of the adoption of the Constitution; and every case included in such extension of the right of trial by jury is thereby excluded from the category of cases appealable, however clearly it may appear that the rights of the parties depend upon the application of principles which are of equitable origin and nature. Actions for money only, founded upon the principles of contribution and subrogation, are examples of those which are now included within the provisions of Section 5130, Revised Statutes, that, "issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided." When, as in the present case, a party admitting his indebtedness resorts to a court for the purpose of procuring a judgment determining to which of two or more claimants payment should be made, he does not tender any issue nor seek any relief not relating to the payment of money.

Conceding that one or more of the rival claimants may assert a right to the stake on grounds which call for equitable relief, do counsel for the plaintiff in error correctly assert that such grounds appear in Mrs. Lange's allegations respecting the manner and purpose of the procurement of the second certificate? It is not alleged that any instrument had been procured from

her which at law would bar the assertion of her claim as holder of the prior certificate, and which she would therefore be entitled to have canceled by the decree of a court of equity. There was no prayer for relief by any of the modes peculiar to courts of equity, nor were there allegations of fact making such relief necessary or appropriate. There being no suit for equitable relief by either party, there was an "action for money only." Whether a party, plaintiff or defendant, tenders issues of fact not triable to a jury as of right, must always be determined by regarding, not the principles which the court is required to consider and apply in determining the rights of the parties, but what decree it is required to enter upon its journal.

*Judgment affirmed.*